UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
JUAN DE LA ROSA, individually and on behalf
of all others similarly situated,

                Plaintiff,

      -against-

EQUIFAX INFORMATON SERVICES, LLC.

                Defendant.
-----------------------------------------------------------------x

Index No. 1:18-cv-0078

CLASS ACTION
COMPLAINT

The Plaintiff, Juan De La Rosa ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendant Equifax Information Services, LLC ("Equifax"), and alleges the following, upon information and belief, except as to those allegations which directly relate to the Plaintiff himself, which are alleged upon personal knowledge:

## PRELIMINARY STATEMENT

1. Plaintiff brings this class action on behalf of himself and all others similarly situated for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.* Defendant Equifax—a national consumer reporting agency—violated both the FCRA and the NY FCRA by furnishing consumer reports listing civil judgments that had been previously vacated or reporting civil judgments as due and owing when in fact they have been satisfied; and by failing to reasonably investigate consumer disputes regarding vacated or satisfied civil judgments.

2. Plaintiff further alleges that he suffered damages as a direct and proximate result of Defendant's unlawful actions, conduct, and omissions, the inaccurate and misrepresented information wrongfully listed on his consumer reports.

3. Plaintiff brings this action for actual, statutory, and punitive damages, and for statutory attorney's fees and litigation costs, pursuant to the FCRA, 15 U.S.C. §§ 1681n and 1681o, and the NY FCRA, N.Y. GBL §§ 380-l and 380-m.  Additionally, Plaintiff seeks equitable relief requiring Equifax to implement and maintain procedures to ensure future compliance with the NY FCRA.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of those state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

6. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Juan De La Rosa, an adult natural person, is a resident of the State of New York, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

8. Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York, and qualifies as a "consumer reporting agency" within the meaning of both the FCRA and NY FCRA.  See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

///

## FACTUAL BACKGROUND

**PLAINTIFF'S INDIVIDUAL FACTS**:

9. On August 2, 2012, the Civil Court of the City of New York, County of Bronx, filed a default judgment—Index No. CV-008789-12/BX—in favor of plaintiff-Velocity Investments, LLC ("Velocity Investments"), in the amount of $4,416.45 (hereinafter the "subject civil judgment obligation").

10. In or around early March 2015, after viewing his credit reports, Plaintiff first became aware that the subject civil judgment had been entered against him.

11. In or around March 6, 2015, Plaintiff personally visited the Civil Court of the City of New York, Bronx County and filed an Order to Show Cause with supporting documents, requesting the Court to vacate the default judgment and restore the case to the calendar, since Plaintiff was never given notice of the action prior to the default judgment that was entered against him.

12. The Order to Show Cause was granted on March 23, 2015, temporarily vacating the default judgment, and a hearing was scheduled for March 23, 2015 for final determination on the Plaintiff's request to vacate the subject judgment.

13. At the hearing on March 23, 2015, the Court entered a final Order vacating the subject judgment and all eliminating all consequences resulting from the judgment, and scheduled a trial for May 14, 2015. The Order was filed with the Bronx County Court on that date and thus became part of the public record.

14. On May 14, 2015, when Velocity Investments was not prepared to proceed to trial, a decision/order was entered dismissing the case. The Order was filed with the Bronx County civil

court clerk and thus became part of the public record.

15. On January 26, 2016, the Plaintiff obtained a consumer disclosure from Equifax and learned that Equifax was still reporting the Velocity Investments judgment on his report as valid and owing – despite the fact that the judgment had been vacated for 10 months by then and the case dismissed.

16. Sometime in early March 2016 Plaintiff sent a letter to Equifax disputing their reporting of the vacated Velocity Investments judgment. Plaintiff included a copy of the May 14, 2015 Order Dismissing the case with his letter.

17. Equifax responded to Plaintiff's dispute with a letter dated March 14, 2016. Instead of removing the judgment from his credit report and from their files, Equifax stated that that: "This item has been updated to report satisfied/released." In fact, as stated above, the judgment had never been satisfied or released, but in fact had been vacated and the case dismissed for nearly a year by that point.

18. Equifax has issued consumer reports stating that the subject vacated judgment was valid and owing on multiple occasions within the past two and five years prior to the filing of this complaint, causing the Plaintiff harm.

**EQUIFAX'S REPORTING OF PUBLIC RECORDS**:

19. Defendant Equifax is one of the three major national credit reporting agencies ("CRAs").

20. Defendant Equifax sells consumer reports (commonly referred to as "credit reports") regarding millions of consumers annually.

21. Defendant Equifax is regulated by both the FCRA and its state counterpart, the NY FCRA.

22. Upon information and belief, for several years Defendant has obtained its information about New York State civil court judgments, (*i.e.*, "public records" information) from LexisNexis Risk & Information Analytics Group, Inc. ("LexisNexis"), First Advantage Corporation, a Symphony Technology Group company ("First Advantage"), and/or other private businesses that it calls "vendors," which furnish such information to national CRAs.

23. Equifax has not retrieved actual public records from courthouses or actual government offices for several years.

24. Equifax is aware that the public records information that it receives from its vendors is not updated on a regular basis to determine whether a civil court judgment has been vacated or satisfied.

25. Equifax is aware that it's vendors have the ability to update their information regarding civil court judgments on a regular basis, but Equifax has declined to require its vendors to obtain that information because it does not want to pay the additional costs necessary to obtain updated and accurate information regarding civil court judgments.

26. Equifax has repeatedly been sued by New York consumers over the prior several years for publishing consumer reports which contained outdated and inaccurate information regarding civil court judgments. Equifax has specifically been sued repeatedly for the precise conduct at issue in Plaintiff's case – continuing to report judgments that have been vacated on consumer credit reports.

27. Plaintiff is informed and believes that Equifax has been further put on notice that it consistently reports inaccurate and outdated public record information via hundreds or thousands of dispute letters sent by New York consumers over the past several years disputing public record information contained in Equifax's files.

28. Accordingly, Equifax has made a business decision that it was willing to accept the publishing of inaccurate and outdated reporting of public record information on consumer reports belonging to New York residents in order to save money regarding the purchasing of data regarding public records from its vendors.

29. Furthermore, as evidenced by the handling of the Plaintiff's dispute, Equifax routinely and repeatedly fails to conduct even a cursory investigation into consumer disputes regarding NY vacated or satisfied judgments in order to reduce the costs and burden of such investigations.

**EQUIFAX'S LEGAL OBLIGATIONS**:

30. The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

31. The FCRA further provides: "[i]f the completeness or accuracy of item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer . . . the agency shall, free of charge, conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file."

32. Further, the NY FCRA requires that:

> A consumer reporting agency which compiles and reports items of information on consumers which are matters of public record shall:
> (a) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
> (b) maintain reasonable procedures designed to ensure that whenever public record information is reported it is complete and up to date to the extent practicable. It shall

>be deemed a reasonable procedure for a consumer reporting agency to accurately report the status of public record information as of the date recorded in its files ***provided such information is updated on a regular basis***.

N.Y. GEN. BUS. LAW § 380-g (emphasis added).

33. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in sections and 1681e(b) and 380-g of the FCRA, and the NYFCRA.

34. Upon information and belief, Equifax routinely conducts strictly cursory investigations of consumer disputes regarding New York vacated or satisfied civil judgments in order to save on the expense of reviewing the actual court records regarding those judgments.

35. The reporting of Plaintiff's vacated civil judgment by Equifax was inaccurate, and occurred because Equifax failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of his consumer report. Specifically, Equifax does not follow the same automated and systematically rigorous processes to obtain information regarding vacated and satisfied judgments that it follows to obtain the original civil court judgment information.

36. Indeed, Equifax follows no procedure which assures that, when civil court judgment is vacated or satisfied the updated status is promptly obtained and reflected upon the consumer's credit report.

37. At all times pertinent hereto, Defendant Equifax was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## CLASS ACTION ALLEGATIONS

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

39. This action is brought, and may properly be maintained as, a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes:

   a. All natural persons who: (i) had a civil court judgment recorded in the State of New York; (ii) the civil court judgment appeared on a Equifax consumer report dated within five years prior to the filing of the present Complaint; (iii) the civil court record indicated that the civil court judgment had been vacated or satisfied at least 30 days prior to the date of the Equifax consumer report; and (iv) the Equifax consumer report contained a vacated judgment without noting that the judgment had been vacated or failed to state that the civil court judgment had been satisfied. (hereinafter the "Two-year Failure to Update Class");

   b. All natural persons who: (i) had a civil court judgment recorded in the State of New York; (ii) the civil court judgment appeared on a Equifax consumer report dated within five years prior to the filing of the present Complaint; (iii) the civil court record indicated that the civil court judgment had been vacated or satisfied at least 30 days prior to the date of the Equifax consumer report; and (iv) the Equifax consumer report contained a vacated judgment without noting that the judgment had been vacated or failed to state that the civil court judgment had been satisfied. (hereinafter the "Five-year Failure to Update Class");

   c. All natural persons who: (i) had a civil court judgment recorded in the State of New

    York; (ii) where the civil court record indicated the judgment was either vacated or satisfied; (iii) the consumer disputed the method in which Equifax was reporting the judgment on their credit report within two years of the filing of the present Complaint; and (iv) Experian failed to correct the reporting of the vacated or satisfied judgment in response to the consumer's dispute.

40. The proposed Class definitions are provisional, and Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

41. Plaintiff is a member of each proposed class that he seeks to represent.

42. The requirements of Fed. R. Civ. P. 23(a) are met in that:

43. **Rule 23(a)(1) Numerosity**. The Class for whose benefit this action is brought is so numerous that joinder of all Class members is impracticable. Plaintiff believes that the Class, as described above, consists of hundreds or even thousands of individuals, although the exact number and identity of individual Class members are presently unknown, and can only be ascertained through appropriate discovery. Although the precise number of Class members is known only to Equifax, there are tens of thousands of recorded civil court judgments in the State of New York, and the names and addresses of the Class members are identifiable through documents maintained by Equifax and through publicly available records. Notice can be provided by means permissible under Rule 23.

44. **Rule 23(a)(2) Commonality**. Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individual members. All of the legal and factual issues in this class action are common to each proposed class member, including:

   i. Whether Defendant willfully violated the FCRA and the NY FCRA by reporting civil court judgments on Class members' Equifax consumer reports which, according to New York public records, were vacated or satisfied prior to the date of the Equifax report, but which the Equifax report failed to state that the civil court judgment had been vacated or satisfied.;

   ii. Whether Defendant willfully violated the FCRA and the NY FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the civil court judgment information it reported;

   iii. Whether Defendant willfully violated the FCRA and the NY FCRA by failing to reasonably investigate consumer disputes regarding vacated and satisfied NY civil court judgments.

46. **Rule 23(a)(3) Typicality**.  Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and Class Members were injured through Defendant's uniformed misconduct described above and assert the same claims for relief.  The same events and conduct that give rise to Plaintiff's claims are identical to those that give rise to the claims of every other Class Member because Plaintiff and each Class Member is a person that has suffered harm as a direct result of the same conduct (and omissions) engaged in by Defendant.  As such, Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

47. **Rule 23(a)(4) Adequacy of Representation**.  Plaintiff can and will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff has no interests antagonistic to

the interests of the other members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel with experience in handling FCRA claims and consumer class actions in general.  Neither the Plaintiff nor his counsel have any interests which might deter them from vigorously prosecuting this case.  Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

48. **Rule 23(b)(3) Predominance and Superiority**.  Questions of law and fact common to the Class members predominate over questions affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Equifax's conduct described in this Complaint stems from common and uniform practices, resulting in common violations of the FCRA.  Members of the Classes do not have an interest in pursuing separate actions against Equifax, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Equifax's practices.  Moreover, management of this action as a class action will not likely present any difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

49. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to

individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

### FIRST CAUSE OF ACTION
### (NY FCRA Two-year Failure to Update Class Claim)

50. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

51. Equifax failed to comply with N.Y. GEN. BUS. LAW § 380-g by failing to maintain reasonable procedures designed to ensure that whenever public record information is reported it is complete and up to date to the extent practicable.

52. Pursuant to N.Y. GEN. BUS. LAW § 380-l, Equifax is liable to Plaintiff and all Class members for its failure to comply with NY FCRA section 380-g, for injunctive relief as requested in the Player for Relief and also in an amount equal to the sum of (1) actual damages; (2) punitive damages in an amount to be determined by the jury; (3) attorney's fees; and (4) litigation costs, as well as such further relief as may be permitted by law.

### SECOND CAUSE OF ACTION
### (FCRA Five-year Failure to Update Claim)

53. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

54. Equifax failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the civil court judgment information in the consumer reports it prepared regarding Plaintiff and the other Five-year Failure to Update Class members.

55. Pursuant to 15 U.S.C. §§ 1681n & o, Equifax is liable to Plaintiff and all Class members for its failure to comply with FCRA Section 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

### THIRD CAUSE OF ACTION
### (Failure to Investigate Class Claim)

56. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

57. Equifax failed to comply with 15 U.S.C. § 1681i and N.Y. FCRA § 380-f by failing to reasonably investigate consumer disputes regarding NY civil court judgments which were vacated or satisfied.

58. Equifax failed to comply with 15 U.S.C. § 1681c and NY FCRA § 380-f(c) by failing to note in its file and in subsequent reports on the Plaintiff that the subject civil court judgment was disputed by the Plaintiff.

59. Pursuant to 15 U.S.C. §§ 1681n &o, Equifax is liable to Plaintiff and all Class members for its failure to comply with FCRA Section 1681i, in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

60. Pursuant to N.Y. GEN. BUS. LAW § 380-l, Equifax is liable to Plaintiff and all Class members for its failure to comply with NYFCRA section 380-f, in an amount equal to the sum of

(1) actual damages; (2) punitive damages in an amount to be determined by the jury; (3) attorney's fees; and (4) litigation costs, as well as such further relief as may be permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. A permanent injunction requiring Defendant to: (1) cease reporting public record information about New York consumers; (2) cease reporting public record information about New York civil court judgments and civil judgments; (3) regularly update the public record information it obtains and reports about New York consumers on at least a monthly basis; and (4) review the actual court records whenever it receives a consumer dispute regarding a NY judgment which has been vacated or satisfied.

C. An award of statutory, actual and punitive damages for Plaintiff and the Classes;

D. An award of pre-judgment and post-judgment interest as provided by law;

E. An award of attorneys' fees and costs; and,

F. Such other relief as the Court deems just and proper.

///

///

///

# **JURY DEMAND**

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: January 5, 2018
       New York, NY

                                            Respectfully submitted,

                                            Kevin C. Mallon
                                            Mallon Consumer Law Group, PLLC
                                            One Liberty Plaza, Suite 2301
                                            New York, NY  10006
                                            (646) 759-3663
                                            consumer.esq@outlook.com
                                            *Attorneys for the Plaintiff Juan De La Rosa*